# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW NORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>GLENDA ALLEN HILL, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00471-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

    Plaintiff Andrew Norris, an inmate in the custody of the Fresno County Jail, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed April 5, 2018.

## I.

## SCREENING REQUIREMENT

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### DISCUSSION

Plaintiff brings this action against California Superior Court Judge Glenda Allen Hill, District Attorney Lisa Smitcamp, and Public Defender Elizabeth Diaz based upon the prosecution of a criminal action in which he was accused of inflicting corporal injury on a spouse in violation of state law. (Compl., ECF No. 1.) Plaintiff fails to state a cognizable claim against any named defendant. For the reasons discussed below, the Court recommends that the complaint be dismissed without leave to amend.

**A. Judicial Immunity**

Plaintiff alleges that Judge Glenda Allen Hill does not have an oath of affirmance to support the Constitution. However, the California Constitution provides that all public officers, including judicial officers, shall take an oath of affirmance before entering into their respective

duties. Cal. Const. art. XX, § 3. This is the only oath required before an employee enters into a public office. Id. Plaintiff cannot state a claim against Judge Allen Hill based upon actions that were taken in his criminal proceedings.

Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. Olsen, 363 F.3d at 923.

Absolute judicial immunity insulates the judge from actions for damages due to judicial acts taken within the jurisdiction of the judge's court. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' " Id. (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)). However, a judge is not immune where he acts in the clear absence of jurisdiction or for acts that are not judicial in nature. Ashelman, 793 F.2d at 1075. Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted with clear lack of all subject matter jurisdiction." Stone v. Baum, 409 F. Supp. 2d 1164, 1174 (D. Ariz. 2005).

To determine if an act is judicial in nature, the court considers whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999)).

Plaintiff's allegation that Judge Allen Hill does not have an oath to support the Constitution is insufficient to state a plausible claim for a violation of section 1983. The Court

recommends that the complaint be dismissed as to Judge Allen Hill without leave to amend as she is entitled to absolute immunity for actions taken in her judicial role in presiding over Plaintiff's criminal action.

### B. Prosecutorial Immunity

Plaintiff alleges that District Attorney Lisa Smitcamp brought false claims and forged the criminal complaint for the complaining witness.

To state a claim under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Although Plaintiff alleges that the district attorney brought false claims and forged the complaint by the witness, the complaint lacks any factual allegations by which the Court could reasonably infer that the district attorney is liable for the conduct alleged. Iqbal, 556 U.S. at 678-79.

Further, prosecutors are immune from liability under 42 U.S.C. § 1983 for actions taken in their official capacity. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen, 363 F.3d at 922 ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman, 793 F.2d at 1075 (holding that judges and prosecutors are immune from liability for damages under section 1983). Where a prosecutor acts within her authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431).

Plaintiff's allegations that the claims brought against him were false is insufficient to state a claim against the district attorney for prosecuting the charges against him. The decision by the district attorney to file charges against a criminal defendant falls within those actions that are entitled to immunity.

1    Plaintiff's allegations are insufficient to state a cognizable claim against the district
2 attorney. The Court recommends that the claims against Lisa Smitcamp be dismissed without
3 leave to amend.

### C. The Public Defender is Not a State Actor

Plaintiff also alleges that his public defender provided ineffective assistance of counsel by persuading him to waive a jury trial. As discussed above, to state a claim under section 1983, Plaintiff must show that each defendant acted under color of state law. Long, 442 F.3d at 1185. It is well established that court appointed attorneys are not state actors. Polk v. Dodson, 454 U.S. 312, 325 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); Miranda v. Clark County of Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of section 1983 in representing plaintiff's interests); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980) (court appointed attorney representing plaintiff in involuntary commitment proceedings is not a state actor); Harkins v. Eldredge, 505 F.2d 802, 805 (8th Cir. 1974) (the conduct of an attorney, whether retained or appointed, does not constitute action under color of state law).

Plaintiff cannot state a claim against his public defender under section 1983. The Court recommends that the claims against Liz Gonzalez be dismissed for failure to state a claim.

### IV.

### CONCLUSION AND RECOMMENDATION

Plaintiff's complaint fails to state a cognizable claim for a violation of his federal rights against any named defendant. Based upon the allegations in Plaintiff's complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim that any of the named defendants violated his constitutional rights and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint, filed April 5, 2018, be DISMISSED without leave to amend.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 10, 2018**

UNITED STATES MAGISTRATE JUDGE